## CIRCUIT COURT OF CHESTERFIELD COUNTY

Southgate Associates

v.

Aker Industries
and JHA of Va., Inc.

May 3, 1990

Case No. CL89-990

By JUDGE HERBERT C. GILL, JR.

On April 20, 1990, the aforementioned matter was heard before this Court. Plaintiff/lessor seeks recovery from Aker Industries/lessee and alleged successor corporation, JHA of Virginia, for breach of a commercial lease dated February 15, 1989. Aker Industries failed to file a responsive pleading, and no appearance was made on said corporation's behalf.

Plaintiff cites *Crawford Harbor Associates v. Blake Construction Co.*, 661 F. Supp. 880 (E.D. Va. 1987), and argues that JHA as a successor corporation of Aker Industries is liable for breach of the commercial lease. Defendant asserts that plaintiff's evidence fails to establish a transfer of assets from Aker Industries to JHA thereby precluding liability.

Plaintiff submitted evidence that the following "assets" were transferred:

1. Office equipment subsequently surrendered to Aker Industries creditors.

2. Former Aker Industries clients conducted business dealings with JHA.

3. Blinds purchased by Aker Industries were installed by JHA. Proceeds received were forwarded to an Aker Industries creditor.

Upon consideration of the evidence submitted and argument presented, plaintiff's request for judgment against JHA is denied. Counsel for JHA is directed to draft an order in accordance with this letter opinion.

Further, judgment by default against Aker Industries should be granted for the amount of $31,660.28 plus reasonable attorneys' fees of $7,915.00. The award includes:

1. Rent due from August 1, 1989, through April 1, 1990, of $24,588.00 (premises relet May 1, 1990);

2. Interest on the arrears in the amount of $593.34. See § 55-227;

3. Contract differential in the amount of $12,706.00 (premises relet at lower rent);

4. Cost of reletting in the amount of $4,932.94;

5. Less credit of $7,105.00 (equipment) and security deposit amount of $4,055.00.

Neither the lease takeover expenses, the three months' free rent, nor improvements completed for Aker Industries are recoverable as damages. These expenses were part of the agreement between the parties. Counsel for plaintiff is directed to draft the appropriate order.

In general, "where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor." *Crawford Harbor Associates v. Blake Construction Co.*, 661 F. Supp. 880 (E.D. Va. 1987), citing 15 W. Fletcher, Cyclopedia of the Law of Private Corporation, sect. 7122 (rev. perm. ed. 1983). In regard to JHA, plaintiff asserts that the following exception or exceptions to the rule of nonliability apply:

1. Defects merger -- "[T]hat circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations." *Id.*, at 883 (E.D. Va. 1987), citing *People's National Bank of Rocky Mount v. Morris*, 152 Va. 814 (1929).

2. Continuation -- "[T]hat the purchasing corporation was a mere continuation of the selling corporation." *Id.*

3. Fraud -- "[T]hat the transaction was fraudulent in fact." *Id.*

Conspicuously absent from the evidence presented is a transfer of assets from Aker Industries to JHA. Hence, plaintiff's reliance on the doctrines set forth in *Crawford*

*Harbor Associates* is erroneous. JHA and Aker Industries are separate entities. Plaintiff's claim against JHA fails for want of privity.

Investment monies were loaned to Mr. Aker by a personal friend for JHA. Aker Industries' office equipment initially taken by JHA without consideration was returned for the benefit of Aker Industries' creditors.

No evidence was presented of a transfer of accounts receivable. JHA secured former Aker Industries' clients. However, these parties were readily available from a publication entitled the "Business Exchange." JHA's installation of the remaining Aker Industries' blinds fails to constitute a transfer sufficient to impose liability.

The harshness of the nonliability rule occurs when the successor corporation derives a benefit from the predecessor corporation without accepting associated liabilities and obligations. No showing of such a benefit has been established by plaintiff.